IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN M. WONNUM, | § | |
| | § | No. 397, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 30206697DI |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 13, 2015
Decided: May 28, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

**O R D E R**

This 28th day of May 2015, it appears to the Court that:

(1) The appellant, Jonathan M. Wonnum, has appealed the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").[1] After careful consideration of the parties' briefs on appeal and the trial court record, we affirm the Superior Court's judgment.

(2) In May 1993, Wonnum was tried for the stabbing death of his ex-girlfriend, Carla Williams. The jury found Wonnum guilty of possessing a weapon during the commission of a felony but was unable to come to a unanimous decision

---

[1] *State v. Wonnum*, 2014 WL 3058464 (Del. Super. July 3, 2014).

on the murder charge, voting eleven to one in favor of conviction. As a result, the Superior Court declared a mistrial on the murder charge and set the matter for a retrial in August 1993.

(3) On the morning of jury selection in the second trial, the parties entered into a plea agreement under which Wonnum agreed to plead guilty to first degree murder and the State agreed to move the Superior Court to set aside the verdict on the weapon offense. After conducting a colloquy to ensure that Wonnum's plea was voluntary and informed, the Superior Court accepted Wonnum's guilty plea, ordered a presentence investigation, and scheduled sentencing for September 15, 1993.

(4) One week before sentencing, Wonnum submitted a *pro se* letter asking the Superior Court to withdraw his guilty plea and to appoint him new counsel because, according to Wonnum, his defense counsel had "forced" him to plead guilty. The Superior Court treated Wonnum's letter as a motion to withdraw the guilty plea under Superior Court Criminal Rule 32(d).[2]

(5) After reviewing the transcript of the guilty plea proceeding and holding an office conference with counsel, the Superior Court denied Wonnum's request to withdraw the guilty plea. In its order of September 14, 1993, the court

---

[2] *See* Del. Super. Ct. Crim. R. 32(d) (providing that if a motion to withdraw a guilty plea is made before imposition of sentence, the court may permit withdrawal of the plea "upon a showing by the defendant of any fair and just reason").

determined that the plea was knowing and voluntary and that Wonnum had not demonstrated any breach of performance of his defense counsel. The following day, the Superior Court sentenced Wonnum to life in prison. Wonnum did not file an appeal from the denial of his motion to withdraw the guilty plea.

(6) Wonnum filed his first motion for postconviction relief *pro se* in August 1996. Wonnum claimed that his guilty plea was involuntary due to ineffective assistance of counsel and a defective guilty plea colloquy. Wonnum contended that the guilty plea was "coerced" because his defense counsel did not explain to him that his guilty plea would be an admission to the crime of first degree murder. Wonnum also complained that his defense counsel did not provide him with a transcript of his first trial and claimed that he could have negotiated a better plea had his defense counsel obtained the transcript. Wonnum contended that the guilty plea colloquy was defective because the Superior Court did not determine that his willingness to plead guilty "resulted from intelligent explaining" of the plea by his defense counsel.

(7) By order dated January 28, 1997, the Superior Court denied Wonnum's postconviction motion as procedurally barred and without merit. The court barred Wonnum's claim that his guilty plea was involuntary as formerly adjudicated, because the court had addressed that claim in the September 14, 1993 order denying his motion to withdraw the guilty plea. The Superior Court further

3

ruled that Wonnum had not demonstrated any reason why the claim should be reconsidered.[3] After finding that Wonnum had not demonstrated how he was prejudiced by his defense counsel's failure to provide him with a transcript of his first trial, and noting that Wonnum had expressed satisfaction with his defense counsel's performance in the guilty plea form and during the plea colloquy, the Superior Court denied the ineffective counsel claim as without merit.

(8)     On appeal from the denial of his first motion for postconviction relief, Wonnum raised fourteen allegations of ineffective assistance of counsel and defective plea colloquy. Also, for the first time, Wonnum claimed that the Superior Court's summary denial of his motion to withdraw the guilty plea was a violation of his due process rights. By Order dated September 17, 1997, this Court affirmed the Superior Court's denial of postconviction relief after concluding that Wonnum's claims were procedurally barred under Rule 61. This Court observed:

> Wonnum's due process claim challenging the summary disposition of Wonnum's motion to withdraw his guilty plea is procedurally barred under Rule 61(i)(3). Wonnum has provided no reason why he did not timely raise the claim in an appeal from the Superior Court's disposition of the motion to withdraw the guilty plea. Furthermore, Wonnum has failed to demonstrate manifest injustice to justify relief under Rule 61(i)(5). The disposition of a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. The Superior Court's disposition, without a hearing, of

---

[3] *See* Del. Super. Ct. Crim. R. 61(i)(4) (barring a formerly adjudicated claim unless reconsideration is warranted "in the interest of justice").

4

Wonnum's motion to withdraw his guilty plea was not an abuse of discretion. *Id.*[4]

\* \* \*

The balance of Wonnum's claims, *i.e.*, the allegations in support of ineffective assistance of counsel or defective plea colloquy, is barred under Rule 61(i)(4), because the claims have been previously adjudicated by the Superior Court. Having raised the claims in his motion to withdraw his guilty plea, Wonnum cannot raise the claims again even with added specifications, unless reconsideration of the claims is warranted in the interest of justice. A defendant is not entitled to have a Court reexamine an issue that has been previously adjudicated "simply because the claim is refined or restated." The record does not support Wonnum's claims. Reconsideration of the claims is not warranted in the interest of justice.[5]

(9) Wonnum next filed a *habeas corpus* petition in the U.S. District Court for the District of Delaware. Wonnum sought to have his murder conviction vacated on the grounds that he was denied the effective assistance of counsel and the summary denial of his motion to withdraw his guilty plea was a violation of his due process rights. Wonnum also asked for an evidentiary hearing. By memorandum and order dated February 15, 2001, the U.S. District Court declined

---

[4] *Wonnum v. State*, 1997 WL 588855, at ¶ 10 (Del. Sept. 16, 1997).

[5] *Id.*, at ¶ 12 (internal citations omitted).

to conduct an evidentiary hearing and rejected Wonnum's claims as without merit or as procedurally barred.[6]

(10) In March 2013, Wonnum filed his second *pro se* motion for postconviction relief in the Superior Court. Again, Wonnum challenged the voluntariness of his guilty plea and the effectiveness of his defense counsel, claiming that he received ineffective assistance of counsel during the "plea negotiation process," and that his defense counsel "tricked" him into pleading guilty. Also, Wonnum claimed that he should have been appointed counsel to assist him in filing his first motion for postconviction relief, and he requested the appointment of counsel "to correct the constitutional infirmity."

(11) The Superior Court directed the State to file a response to Wonnum's second postconviction motion and directed Wonnum's former defense counsel to file an affidavit in response to the allegations of ineffective assistance of counsel. Wonnum then filed responses to defense counsel's affidavit and the State's response to the postconviction motion. Wonnum also filed motions "for expansion of record," asking the Superior Court to prepare a transcript of the 1993 office conference on the motion to withdraw the guilty plea and to include, as part of the record, Wonnum's prison medical records dating from 1992. By order dated April 24, 2013, the Superior Court denied Wonnum's request for the appointment of

---

[6] *Wonnum v. Kearney*, 2001 WL 173799 (D. Del. Feb. 15, 2001).

counsel, and by order dated December 24, 2013, the court denied Wonnum's motions for expansion of record.

(12) The Superior Court denied Wonnum's second motion for postconviction relief as procedurally barred under Rule 61 in an order dated July 3, 2014.[7] The court ruled that the motion was untimely and repetitive, and that the claims raised in the motion were barred under Rule 61 as either formerly adjudicated or procedurally defaulted.[8]

(13) In denying Wonnum's claim of involuntary guilty plea based on ineffective assistance of counsel, the Superior Court stated:

> This is the third time the Court has been asked to address the same circumstances surrounding Defendant's guilty plea. The Court has addressed, and rejected, all of Defendant's arguments as to the plea in previous motions. Simply altering the language from "forced" to "tricked" does not change the fact that Defendant's arguments have already been decided by this Court. Likewise, the cases Defendant points to of other defendants who have received, in his opinion, more beneficial plea agreements do not change the fact that the Court has found that Defendant "knowingly, voluntarily and intelligently" accepted his plea and found no

---

[7] *State v. Wonnum*, 2014 WL 3058464 (Del. Super. July 3, 2014).

[8] *Id. See also* Del. Super. Ct. Crim. R. 61(i)(1) (2013) (barring postconviction motion filed more than three years after the judgment of conviction is final (amended 2005 to reduce filing period to one year); *id.* at (b)(2) (providing that the first postconviction motion shall specify all the available grounds for relief); *id.* at (i)(2) (barring any ground for relief not asserted in a prior motion as required under (b)(2)); *id.* at (i)(3) (barring any ground for relief not asserted in the proceedings leading to the judgment of conviction); *id.* at (i)(4) (barring formerly adjudicated claim).

7

compelling reason to revisit that decision in the past twenty years.[9]

In denying Wonnum's claim for relief based on his lack of counsel when filing his first motion for postconviction relief, the Superior Court noted that this Court "has held that there is neither a federal nor a state constitutional right to counsel in a postconviction proceeding."[10] Also, the court ruled that Wonnum had failed to "'show cause for relief' and 'prejudice from [the] violation' other than bald assertions that he was denied an alleged litany of state and federal constitutional rights when the court denied him counsel."[11]

(14) Wonnum filed this appeal from the Superior Court's denial of his second motion for postconviction relief. In his briefing, Wonnum rehashes the same arguments he previously put before the Superior Court, this Court, and the United States District Court. Essentially, Wonnum contends that he should be "allowed to go back to" the guilty plea colloquy "where [the initial error] occurred" and "start [postconviction] proceedings from there" with the assistance of counsel.

(15) This Court has rejected the argument that a defendant who proceeded without counsel when filing his first motion for postconviction relief is entitled to

---

[9] *State v. Wonnum*, 2014 WL 3058464, at ¶10 (Del. Super. July 3, 2014) (citations omitted).

[10] *Id.*, at ¶ 12 (citing and quoting *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013)).

[11] *State v. Wonnum*, 2014 WL 3058464, at ¶ 12 (Del. Super. July 3, 2014) (citations omitted).

8

"re-do" the proceeding with appointed counsel.[12]   And in this case, we find no equitable or legal basis to grant such relief under the circumstances reflected in the record, which were summarized by the Superior Court as follows:

> It is clear from Defendant's filings to the Court that he regrets accepting his plea.   However, that regret and dissatisfaction with the result does not negate the fact that he was thoroughly informed and agreed to the consequences of the plea.   Defendant now claims that he was "tricked," however a review of earlier papers reveals that he was aware of the consequences of the plea, and agreed to it on the advice of trial counsel that it may benefit an attempt at a pardon.   "In the absence of clear and convincing evidence to the contrary, [Defendant] must be bound by what he said at the time of his plea." Defendant fails to provide any support that his trial counsel acted unreasonably during the plea process.[13]

(16)   Having carefully considered Wonnum's arguments on appeal and the trial court record, we conclude that the Superior Court's judgment should be affirmed on the basis of the court's thorough and well-reasoned order dated July 3, 2014.[14]   The Superior Court did not err when concluding that the claims raised in Wonnum's motion were procedurally barred and that no exception applied.   On appeal, Wonnum has not raised a colorable claim of a manifest injustice because of a constitutional violation or a newly-recognized retroactively applicable right, and

---

[12] *Frazier v. State*, 2014 WL 259434, at ¶ 4 (Del. Jan. 21, 2014); *Riley v. State*, 2014 WL 98643, at ¶ 5 (Del. Jan. 9, 2014).

[13] *State v. Wonnum*, 2014 WL 3058464, at ¶ 17 (Del. Super. July 3, 2014) (citing *Fullman v. State*, 560 A.2d 490 (Del. 1989)) (other citations omitted).

[14] *State v. Wonnum*, 2014 WL 3058464 (Del. Super. July 3, 2014).

9

thus has not shown that consideration of his formerly adjudicated claim is warranted in the interest of justice.[15]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[15] *See* Del. Super. Ct. Crim. R. 61(i)(5) (providing that the procedural bars of (i)(1), (2), and (3) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation); *id.* at (i)(1) (providing that an untimely motion may be considered when the movant asserts a newly recognized retroactively applicable right); *id.* at (i)(4) (providing that a formerly adjudicated claim may be considered "in the interest of justice").